# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ELLIS LEE JORDAN,

        Petitioner,

v.                                           Case No. 08-CV-560

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

On February 21, 2003, this court sentenced Ellis Lee Jordan to a term of 180 months in prison after he pled guilty to drug-related offenses in violation of 21 U.S.C. § 846. Jordan appealed to the Seventh Circuit Court of Appeals, which affirmed in part and vacated and remanded in part. *United States v. Mayes*, 370 F.3d 703 (7th Cir. 2004). Jordan appealed to the Supreme Court, and on January 24, 2005, the United States Supreme Court granted certiorari and vacated Jordan's judgment and remanded the case for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand, this court determined that it would have imposed the same sentence under the now advisory guideline range. Jordan again appealed to the Seventh Circuit, which affirmed this court's statement pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). Jordan petitioned for a writ of certiorari to the Supreme Court, which was denied on June 29, 2007. *See Jordan v. United States*, 127 S.Ct. 3057 (2007). On June 30, 2008, Jordan filed a petition under 28 U.S.C. § 2255 to vacate, set-aside, or correct the current sentence he is serving.

Pursuant to Rule 4 of the Rules Governing § 2255 proceedings, the court must screen Jordan's petition to determine if he states a claim upon which § 2255 relief could be granted.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . . .

Rule 4, Rules Governing § 2255 Proceedings.

Section 2255 expressly imposes a one-year limitation period for the filing of a motion to vacate or modify. The limitation period starts to run from the date on which the judgment of conviction becomes final. Here, Jordan's conviction became final on June 29, 2007, the date the Supreme Court denied certiorari on his subsequent appeal. The Seventh Circuit employs the "anniversary method" for calculating filing deadlines, *see United States v. Marcello*, 212 F.3d 1005, 1009 (7th Cir. 2000), and Jordan had until June 29, 2008, to file his petition. Fortunately for Jordan, June 29, 2008, fell on a Sunday, and he had until June 30, 2008, to file his petition. *See* Fed. R. Civ. P. 6(a)(3). Accordingly, the court finds that his petition was filed within § 2255's statute of limitations.

Relief under § 2255 is appropriate if a petitioner can show that there are errors in his conviction or sentence that are "jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted). If a petitioner does not raise an argument on direct appeal, he cannot first present the issue on collateral review "absent a showing of cause 'for the failure to advance the argument

sooner and some showing of actual prejudice resulting from the alleged constitutional violation."' *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

A § 2255 motion may not be used as either "a recapitulation of" or "a substitute for" a direct appeal. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir.1 996); accord *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) (stating that a § 2255 motion "is not to be used as a substitute for a direct appeal") (citing *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989)).  Furthermore, a § 2255 petitioner may not raise: (1) issues, raised on direct appeal, absent some showing of new evidence or changed circumstance; (2) non-constitutional issues that could have been, but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the "procedural default" and actual prejudice from the failure to appeal. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).

Jordan raises several grounds for relief.  He argues that the court incorrectly calculated his offense level by including a firearm enhancement under U.S.S.G. § 2D.1.(b)(1); he argues that the drug quantities used to formulate his offense level were calculated in error; he argues that the court failed to consider mitigating factors associated with his background and characteristics in arriving at his sentence; he argues that the court imposed terms of supervised release that were unduly constraining; and he finally argues that he suffered ineffective assistance of counsel in violation of his Sixth Amendment rights.

Upon review, the court finds that Jordan has procedurally defaulted on several of his claims. First, he did not raise the firearm enhancement on appeal. He argues this enhancement violated his constitutional rights; accordingly, he must demonstrate good cause and actual prejudice from failing to raise this at an earlier time. The court finds he has not done so. He was certainly aware of the enhancement in advance of when his appeal was briefed; he had opportunities to object to the enhancement both at sentencing and during the appeal process, but for reasons he does not state, he did not elect to do so and this claim is procedurally defaulted. For the same reasons, Jordan is procedurally defaulted on his claims that the drug quantities were calculated in error.

The court also finds Jordan has procedurally defaulted on challenges to his sentence based upon the 18 U.S.C. § 3553(a) factors. On remand and after a full briefing, the court did consider his sentence in light of the § 3553(a) factors. (See *United States v. Jordan*, 01-CR-148, Docket # 443). The Seventh Circuit affirmed this court's findings and sentence. *See United States v. Jordan*, 199 Fed. Appx. 556 (7th Cir. 2006). Jordan is unable to demonstrate changed circumstances that would allow review of this claim. For the same reasons, Jordan is procedurally defaulted from again raising challenges to the conditions of his supervised release. These were raised on appeal, and he does not demonstrate a change in circumstances to overcome the procedural default.

In Jordan's final ground, he argues he suffered ineffective assistance of counsel. An ineffective assistance of counsel claim may be brought in a § 2255 petition, regardless of whether the claim was raised on appeal. *Massaro v. United States*, 538

-4-

Case 2:08-cv-00560-JPS   Filed 07/17/08   Page 4 of 5   Document 2

U.S. 500, 504 (2003). Morever, ineffective assistance of counsel claims are potential cognizable under § 2255. As to this ground, the court determines that before a ruling on the merits of Jordan's ineffective assistance of counsel claim, it is necessary that the government and Jordan's trial counsel, Dennis Coffey, respond to the claims set forth in his petition.

Accordingly,

**IT IS ORDERED** that grounds one through four of Jordan's petition be and the same are hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that within 45 days this order, the government shall file a response to Jordan's petition, specifically addressing the merits of his petition at ground five;

**IT IS FURTHER ORDERED** that within 45 days of this order, Attorney Dennis Coffey is to file an affidavit with the court specifically detailing any information he has in regards to the claims Jordan has set forth in ground five of petition;

**IT IS FURTHER ORDERED** that within 30 days of the filing of the government's response, Jordan shall file any replies.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge