# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

ELLIS LEE JORDAN,

        Petitioner,

v.                                                   Case No. 08-CV-560

UNITED STATES OF AMERICA,

        Respondent.

─────────────────────────────────────────────

## ORDER

On February 21, 2003, the court sentenced Ellis Lee Jordan ("Jordan") to a term of 180 months in prison after he pled guilty to conspiracy to distribute and possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. After pursuing a number of appeals, described by the court in its July 17, 2008 order in this case, Jordan filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255. After reviewing Jordan's petition under Rule 4 of the Rules Governing § 2255 Proceedings, the court dismissed all but one of Jordan's grounds for relief. The court ordered Jordan's trial counsel and the government to respond to Jordan's remaining claim of ineffective assistance of counsel. The court now considers the merits of Jordan's motion.

Under the terms of § 2255, a petitioner in federal custody may challenge the validity of his confinement "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

maximum authorized by law." 28 U.S.C. § 2255(a). However, relief under § 2255 "is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir.1996). As an initial matter, Jordan's petition was not accompanied by any detailed and specific affidavit demonstrating that his ineffective assistance of counsel claim was actually provable. Therefore, the court considers a hearing on Jordan's motion to be unnecessary. *See Kafo v. United States*, 467 F.3d 1063, 1067-68 (7th Cir. 2006) (citing Rule 2 of the Rules Governing Section 2255 Proceedings).

To show ineffective assistance of counsel, Jordan must prove that his "counsel's performance fell below an objective standard of reasonableness, and . . . he was prejudiced by counsel's error." *Stallings v. United States*, 536 F.3d 624, 627 (7th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984)). In the context of counsel's performance at the sentencing stage, Jordan must show that "but for counsel's unprofessional error, there is a reasonable probability that the results would have been different." *Berkey v. United States*, 318 F.3d 768, 773-74 (7th Cir. 2003). It is important to note that the Sixth Amendment "does not guarantee the right to counsel who knows and exploits every tactical advantage-unrelated to guilt or innocence-on his client's behalf." *Prewitt*, 83 F.3d at 818. While Jordan's original petition referred only generically to his "defense counsel," his subsequent filings with the court allege that both his trial counsel and appellate counsel were ineffective.

Jordan alleges that his trial counsel, Dennis Coffey ("Coffey"), was ineffective in failing to adequately address several relevant sentencing factors at the sentencing

stage, including a firearm enhancement, drug quantity, special conditions of supervised release, Jordan's cooperation with law enforcement, and his family life, age and work ethic. Jordan also claims that Coffey failed to demand that the government establish the fact of Jordan's possession of a firearm and a specific drug quantity by clear and convincing evidence.

In response, Coffey has submitted an affidavit rebutting Jordan's allegations. Coffey notes that he submitted multiple objections to the presentence report ("PSR") relating to Jordan's total offense level. Specifically, Coffey claims that he objected to the probation office's proposed two-point enhancement for possession of a dangerous weapon, and that he objected to the government's calculation of the amount of cocaine attributable to Jordan. Coffey also states that the government addressed Jordan's cooperation during the sentencing, but that it was the government's choice not to move for a downward departure for substantial assistance.

The court finds no reasonable basis for Jordan's ineffective assistance of counsel claim with respect to Coffey. The PSR from Jordan's criminal case reflects that Coffey submitted written objections to the initial PSR prepared by the probation office. Specifically, Coffey objected to a sentencing enhancement for possession of a firearm, and to the drug quantity attributable to Jordan. Coffey also argued that Jordan had accepted responsibility for his actions. Both the probation office, and eventually the court, considered these objections. At sentencing, the court found the PSR to be accurate on the weapon enhancement and drug quantity. The court also

found that Jordan had accepted responsibility, which reduced Jordan's total offense level three points.

With respect to Jordan's cooperation, Jordan has failed to show Coffey acted unreasonably. In his plea agreement, Jordan specifically agreed that "if the defendant provides substantial assistance to the government in the investigation or prosecution of other, only the government, in its discretion, may move for and recommend a downward departure from the applicable sentencing guidelines range and any applicable statutory mandatory minimum." (Plea Agreement, February 27, 2002, ¶ 32). Therefore, Coffey would have had no basis to advocate for a downward departure for substantial assistance to the court at sentencing. Jordan does not claim that his plea agreement is invalid, or that Coffey failed to provide adequate assistance in negotiating Jordan's plea agreement. Rather, it appears that Jordan is now attempting to disavow the agreement's terms. The Seventh Circuit has made it clear that plea agreements are contracts that "should be enforced consistent with the intent of the parties and the language of the agreement." *United States v. Hernandez*, 544 F.3d 743, 750-51 (7th Cir. 2008) (citation omitted).

The court is also not convinced by Jordan's claim that Coffey failed to adequately articulate the relevance of Jordan's family life and work ethic during sentencing. These factors generally have only limited relevance in the court's sentence determination. Under the sentencing guidelines applicable at the time of Jordan's sentencing, Jordan's employment record and family ties were "not ordinarily relevant in determining whether a sentence should be outside the applicable

guideline range." United States Sentencing Commission, Guidelines Manual, §§ 5H1.5, 5H1.6 (Nov. 2001); *see United States v. Jaderany*, 221 F.3d 989, 996 (7th Cir. 2000) (citing same sections of guidelines). Moreover, Jordan's PSR contained extensive information on his family life and employment history for the court to consider. Jordan has not shown what Coffey could have done to somehow increase the weight given to Jordan's family ties or work ethic by the court in its sentence determination.

The court also finds that Jordan has established that Coffey's counsel was ineffective with respect to the court-imposed special conditions of supervised release. The court recognizes that neither Jordan nor Coffey objected to the special conditions of supervised release until Jordan appealed. Even if Jordan had shown Coffey acted unreasonably, he has not shown a reasonable probability that his sentence would have been different. Although Jordan's petition only refers to allegedly "unsupported special conditions of supervised release," the court infers that Jordan is alluding to the conditions requiring testing and treatment for drug and alcohol abuse, prohibiting the use of alcohol, and prohibiting Jordan from working in or patronizing taverns. On one of Jordan's appeals, the Seventh Circuit held that the imposition of these conditions was not plain error. *See United States v. Mayes*, 370 F.3d 703, 712 (7th Cir. 2004). Yet, in October of 2005, the court, in its discretion, decided to revisit the issue of Jordan's conditions of supervised release. (Order, October 18, 2005, No. 01-CR-148, Docket #423). Despite providing the government, the probation office and Jordan an opportunity to submit written

memoranda on the issue, Jordan's submitted memorandum did not address the issue of his conditions of supervised release. (No. 01-CR-148, Docket #434). Subsequently, the court declined to conduct a resentencing in Jordan's case. (Order, September 19, 2006, No. 01-CR-148 Docket #443). Because Jordan has not shown any probability that his conditions of supervised release would have been different had his counsel objected to these conditions at sentencing, the court cannot conclude that Jordan suffered from ineffective assistance of counsel.

Finally, Jordan's argument that Coffey should have insisted that the government prove that Jordan possessed a firearm and greater than 50 kilograms of cocaine by clear and convincing evidence, rather than by a preponderance of the evidence is without merit. Jordan's counsel had no legal basis to argue to the court that the government be held to a higher burden of proof. In general, for purposes of calculating a defendant's total offense level, the government must prove possession of a firearm, or of a specific quantity of drugs, by a preponderance of the evidence. *See United States v. Rollins*, 544 F.3d 820, 837 (7th Cir. 2008) (discussing burden of proof for firearm possession); *United States v. Spiller*, 261 F.3d 683, 691 (7th Cir. 2001) (noting "the Government must prove the facts underlying the base offense or an enhancement by a preponderance of the evidence"). The parties – i.e. the government and the defendant – may stipulate that the government must meet a higher burden of proof in a plea agreement. *Hernandez*, 544 at 750-51 (noting that the court is not necessarily bound by such a stipulation). However, here, the parties did not stipulate to a heightened burden of

-6-

proof. Nor has Jordan even alleged that the government would have agreed to such a stipulation, or that the court would have accepted such a stipulation. In fact, with Coffey's assistance, Jordan's plea agreement was amended to reflect Jordan's contention that the government had not proven either the quantity of cocaine attributable to Jordan or his possession of a firearm by a preponderance of the evidence. (Plea Agreement, February 27, 2002, ¶¶ 16, 19). Therefore, the court finds that Jordan has not shown that Coffey acted unreasonably with respect to the government's burden of proof.

Jordan's ineffective assistance claim with respect to his appellate counsel, Kent Anderson, is even more tenuous. Jordan's only allegation is that Anderson "was clearly ineffective in failing to not [sic] address Petitioner's unresolved lower court matters, firearm enhancements, drug quantities, and substantial assistance." (Docket #4). The court is mindful that appellate counsel "is not required to raise every non-frivolous issue on appeal." *Martin v. Evans*, 384 F.3d 848, 852 (7th Cir. 2004) (citation omitted). As a result, there exists a strong presumption that appellate counsel's performance is reasonable unless counsel fails to raise "an issue that is both obvious and clearly stronger than the issues raised." *Id.* at 851-52. (citations omitted). Anderson raised one issue on appeal: that the court's imposition of special conditions of supervised release relating to drug and alcohol was an unreasonable deprivation of liberty. *See Mayes*, 370 F.3d at 712. Jordan has not demonstrated that the court's determinations of the firearm enhancement, drug quantity or the government's decision not to seek a downward departure for

-7-

substantial assistance were obviously and clearly stronger issues on which to appeal his sentence. Because Jordan has not shown that his appellate counsel acted unreasonably, the court is unable to conclude that Jordan's appellate counsel was ineffective.

After review of Jordan's petition and his additional submissions to the court, the court finds that Jordan has failed to show that he has suffered from ineffective assistance of counsel. Therefore, the court finds no basis to vacate, set aside or correct Jordan's sentence under 28 U.S.C. § 2255.

Accordingly,

**IT IS ORDERED** that the petition to vacate, set aside or correct sentence (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** on the merits.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge